JOHN YOURT *et al.*, Appellants, *v.* MORDECAI L. HOPKINS *et al.*, Appellee.

APPEAL FROM THE SUPERIOR COURT OF CHICAGO.

A verbal authority to an auctioneer to sell lands, is sufficient.

An attachment of sufficient property to satisfy the claim is, like an execution levied, satisfaction of the debt, and may be so pleaded.

The collection, by execution, of a debt secured by deed of trust, must be held to be an election by the creditor to relinquish his rights under the trust deed. Where a party has an election of remedies, he will be bound by any acts which indicate that his choice is made.

Silas C. Hopkins and Mordecai L. Hopkins, under the firm name of S. C. Hopkins & Co., in August, 1850, borrowed of John Yourt the sum of three thousand dollars.

In April, 1851, Yourt surrendered the note and mortgage, and on the 28th day of April, 1851, said firm made to him a new note for the same debt, payable on the 12th of August, 1851, secured by Silas C. Hopkins' deed of trust, dated April 28th, 1851, to Benjamin W. Raymond, upon lots numbered four, five, seven, and ten, in block thirty-four, Carpenter's addition to Chicago.

Said deed, from Silas C. Hopkins to Raymond, recites the note of $3,000 to Yourt, conveys said lots in trust, in case of default in the payment of the note, " and having first given ten days' notice, by publishing the same in the nearest newspaper printed in the State of Illinois aforesaid, or by posting up hand-bill notices in four public places in the county where said premises are situated, then it shall and may be lawful for the said party of the second part, his personal representatives, or his attorney duly authorized by virtue hereof, to enter into and upon all and singular the premises hereby granted or intended so to be, and to sell and dispose of the same, or any part, share or portion thereof, and all right, benefit and equity of redemption of the said party of the first part, his heirs and assigns therein, at public sale, at such hour and place as said party of the second part, his legal representatives or attorney may appoint, and to adjourn said sale from time to time, as said party of the second part, his legal representatives or attorney may think proper, and as the attorney of the said party of the first part for such purpose duly constituted, irrevocable, or in the name of said party of the second part, his executors or administrators, or in such manner as the said party of the second part, his legal representatives or attorney may think proper, to make and deliver to the purchaser or purchasers thereof a good and sufficient deed or deeds of conveyance in the law for the same in fee simple, and out of the money arising from such sale " to pay the debt and expenses. Then follows a covenant of warranty, and the execution and acknowledgment.

Notices of the sale signed by Benjamin W. Raymond, trustee, were duly posted in four public places in the county of Cook. Notices of a postponement of the sale were also posted in the same places.

In pursuance of these notices, E. S. Williams, as the agent of Raymond, but without any written authority, sold the lots to Yourt for $1,000. Yourt paid no money and made no indorsement of the amount bid on his note.

Appellees filed their bill, praying that the deed of trust and the note may be given up and canceled, and the sale set aside, and that an injunction may issue restraining Raymond from executing any deed under said sale. The injunction was granted.

No answer was filed to the original bill. After filing the original bill, Yourt prosecuted an attachment suit to judgment. The amount of the judgment was $3,427.50. No credit was given on said note or in said suit for the $1,000 bid by Yourt on the trustee's sale, but the said note was prosecuted to judgment for the whole amount.

Execution issued on this judgment, which the sheriff, "on or about the 23rd day of January, 1854, indorsed satisfied." Yourt receipted for that sum, after deducting the $1,000 bid for the lots, and the interest thereon, leaving the balance in the sheriff's hands, Williams, as he testifies, having directed the sheriff to collect only that sum. A bill of revivor and supplement was filed by Mordecai L. Hopkins and John V. Hopkins, alleging that Silas C. Hopkins had died intestate, and that letters of administration had been granted to "your orator," and that "he is advised that, as the personal representative of said Silas C. Hopkins, deceased, he is entitled to have the suit revived as to him, and prosecute the same in his name as the representative of said Silas C. Hopkins, in connection with said Mordecai L. Hopkins."

Answers of Benjamin W. Raymond and John Yourt were filed to this supplemental bill. The evidence on the trial showed the above state of facts.

WALTER B. SCATES, for Appellant.

GOODRICH & FARWELL, for Appellees.

BREESE, J. Several points are made in this case, but two of which we deem important to notice.

The first is as to the validity of the sale under the deed of trust by Williams, acting for Raymond, the trustee.

The deed provides in case of default, "it shall then be lawful for the said party of the second part, (Raymond,) his personal representatives or his attorney duly authorized by virtue hereof, to enter upon all and singular the premises hereby granted, or intended so to be, and to sell and dispose of the same, or any part, share or portion thereof, and all right, benefit and equity of redemption of the said party of the first part, his heirs, etc., at public sale, etc.," "and as the attorney of the said party of the first part, for such purpose duly constituted, irrevocable, or in the name of the said party of the second part, his executors, etc., or in such manner as the said party of the second part, his legal representatives or attorney may think proper, to make and deliver to the purchaser or purchasers a good and sufficient deed or deeds of conveyance in the law for the same in fee simple, and out of the money arising from such sale, to pay the debt and expenses, etc."

The notice of this sale was signed by Raymond, as trustee, and in his answer he says, that he appointed Williams to make the sale, and was ready himself to make a deed to the purchaser, and he would have made a deed, had he not been stopped by

injunction. Williams under a parol appointment could not make the deed, that is admitted, but we do not see why he could not act as auctioneer, and cry the sale and strike off the property to the highest bidder. For such purpose, it is nowhere held that an appointment must be in writing ; on the contrary, a verbal appointment is sufficient. *Doty* v. *Wilder*, 15 Ill. R. 407 ; *Johnson* v. *Dodge*, 17 ib. 433. The auctioneer is the agent of both parties, and his memorandum binds both. Raymond, under this sale by Williams, could have been compelled to make a deed to the purchaser. Raymond could not, without pleading the statute of frauds and perjuries, set up the want of a note or memorandum in writing of the sale. This statute is not relied on here, it is not pleaded. We think that the sale was properly made through the agency or attorneyship of Williams.

Upon the other point, we have no doubt that the attachment of sufficient property is, like an execution levied, satisfaction of the debt, and may be so pleaded ; but whether or not the recovery of a judgment upon the attachment proceeding, levying an execution and the payment of the same to prevent a sale of the property, is such satisfaction, it may be conceded, that the proceedings under the deed of trust, and by attachment on other property, were concurrent remedies, and could proceed *pari passu*. The action was brought to the October term, 1851, of the Cook County Court of Common Pleas, in aid of which, an attachment was sued out and levied upon property sufficient to pay the whole debt. The sale under the trust deed took place on the last day of that month, and the property was sold to Yourt, the *cestui que trust*, but not consummated by the execution of a deed, by reason of an injunction awarded to prevent it. No money was paid by Yourt on the purchase, and no indorsement of his bid on the note. There was no answer to the original bill for injunction. To the supplemental bill, Raymond and Yourt answered separately, insisting upon the validity of the sale as made by Williams, and his, Raymond's, readiness to make a deed to the purchaser, Yourt, and he, Yourt, alleging that he was ready and willing, and always had been, to indorse the amount of his bid on the note, on receipt of a deed. No action was taken by him, of any kind, to obtain a deed, nor was anything done in the premises, for two years, when, on the 26th of October, 1853, Yourt caused an alias execution to be issued on his judgment, in the Common Pleas, for its full amount, and placed it in the hands of the sheriff, who levied it upon personal property of the defendants, sufficient to satisfy it, whereupon the defendants paid to the sheriff the whole amount of the execution, being three thousand seven hundred

and thirty-one dollars and twenty-one cents, " in full of the damages and costs within named." Yourt receipted for a part of this sum—for twenty-three hundred and ninety-four dollars, only. The sheriff states, he received no instructions in regard to enforcing or not enforcing the payment of the whole amount, to his knowledge. Williams, the attorney of Yourt, however, says he told the officer who had the execution, not to receive from the defendant the amount for which these lots had been bid off, and interest from the day of sale. We will not reconcile this contradiction, remarking, merely, if such were the directions of the officer, how easy was it for the attorney to place it beyond controversy, by indorsing on the execution, which he knew the officer had in his hands, the amount of this bid. That was not done, and the officer, who was, *pro hac vice*, the agent of the plaintiff, was commanded to make the full amount of the debt, by a forced sale of the personal property on which he had levied the writ.

We cannot but think the collection of the whole amount of this debt, secured by this trust deed, by execution, was an election by the plaintiff to repudiate his action under the deed of trust. He certainly had the election, and when that right exists, and any act is done by the party entitled to make the election, inconsistent with a contrary intention, he must be held to his election.

We regard these proceedings in the suits, as such election. They are inconsistent with a claim to any right as growing out of the sale under the deed of trust. He proceeded as though there had been no sale under that deed, and by his acts repudiated it. He cannot be permitted to " blow hot and cold " with the same breath. If he relied on his purchase under the trust sale, and if he deemed it a valid and binding sale, he could have compelled a deed from the trustee. He did not do so. For two years he was passive, and then prosecutes his suit—issues an execution, and whilst it was in the hands of his agent for collection, the defendant pays the full amount of it, and satisfies it. This extinguished all his rights under the trust deed and sale thereon. It was his own election, and he must be bound by it.

The case of *Fay* v. *Valentine*, 5 Pickering, 418, is in point. The decree of the court below is affirmed.

*Decree affirmed.*