# JOHN JONES

## *v.*

# SARAH JONES.

1. PRACTICE—*assigning special causes for new trial.* To avail himself of an objection to a verdict on the ground that the damages are excessive, a party should, in some way, either by general or special objection, make that a ground for granting a new trial, and if he fails to do so, he must be regarded as having had no objections to the amount of the finding, or if he had, that he waived them.

2. TRESPASS—*a party who uses more force than is necessary to eject another from his premises, is a trespasser.* When a person directs another to leave his house, who refuses, he has the right to use all reasonable and necessary force to compel him to go, but no more than is necessary to effect the end, and if he does use more force than is necessary he becomes a trespasser *ab initio.*

3. INSTRUCTIONS—*need not be repeated.* It was not error to refuse an instruction to the effect that the defendant had a right to use such force in expelling plaintiff from his premises as an ordinarily prudent and cautious man would have done under the circumstances, when, by another instruction, the jury had been told that the defendant had a right to use such force as was reasonably necessary, as the instruction given, in substance, contained all that was embraced in the one refused, and the court was not required to repeat it.

4. MEASURE OF DAMAGES *in trespass to the person.* The plaintiff, in an action of trespass for injury to his person, is entitled to recover such an amount of damages as will compensate him for the injury sustained, and if the acts on the part of the defendant were wanton and wilful, the jury may give punitive damages.

5. PUNITIVE DAMAGES—*what the jury may consider, in awarding.* The jury, in awarding punitive damages for a wanton and wilful trespass, may take into consideration the pecuniary circumstances of the defendant, and the age, sex, position in society of the plaintiff, and the injuries received, with all the circumstances in evidence.

6. COSTS. Where a summons was falsely returned served, and a default had thereon, which was afterwards set aside, and the return quashed, and, upon a trial, the plaintiff recovered judgment, it was proper to tax the costs of both the writs against the defendant.

APPEAL from the Circuit Court of DeWitt county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Mr. E. H. PALMER, for the appellant.

Messrs. MOORE & WARNER, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

On the motion for a new trial, in the court below, there was no objection urged that the damages were excessive. That was not stated as a ground for the setting aside of the verdict. The court below, not being asked to do so. had the right to suppose that appellant acquiesced in the amount of the finding, but relied on the ground specified, alone, for a new trial. To avail of such an objection, the party should, in some way, either by general or specific objection, make that a ground for granting a new trial, and if disallowed, then it should be assigned as error in the appellate court.

Where the damages are excessive, the presumption is, that, on being asked, the court below will require a *remittitur* to the proper amount, or grant a new trial. And where no such request is made of the judge trying the case, the party must be regarded as having had no objections to the amount of the finding, or if he had, that he waived them.

In this case, if the evidence on the part of appellee is true, and it seems the jury so regarded it, then the verdict was not excessive. If appellant made and continued the assault in the manner testified to by appellee and his witnesses, it was excessive and brutal almost in the extreme. Whilst appellant had the undoubted right, when he directed appellee to leave his house, and she refused, to use all necessary and reasonable force to compel her to go, he had no right to use more force than was necessary to effect the end. And when he did so, and carried the force to excess, he became a trespasser *ab initio.* He could not make use of his legal right to remove her from his premises as a pretext to gratify his malice, and commit unnecessary injuries and indignities upon the person of appellee. After requesting her to leave, if she refused, he could have no doubt removed her by simply taking

hold of her arm and leading her out of the house, and even to the road beyond his inclosure. This he did not do, but his first act was to strike her on the side of her head with his open hand, according to his version of the matter, but with his fist, as another witness states. Nor, according to the evidence adduced by appellee, did he stop here, but he caught hold of and kicked her whilst she was trying to leave the house, and when she had gone on the porch he "rushed after" and kicked her therefrom, pushed her through the yard gate; he followed and kicked and pushed her till she reached the public road, about 200 yards distant, and threw her from the fence, and on falling on the opposite side, a rail fell upon her. Such is her testimony, which is corroborated by her sister. And it is not denied that she either fell or was kicked from the porch. Appellant says that she fell, and he denies that he kicked her, and another witness says he either pushed or kicked her lightly. But it was for the jury to find where the truth lay, and they have found it was with appellee. If the facts are as they have found them, the assault was brutal, and the amount of damages is no more than a just punishment for his unjustifiable conduct in making this ferocious assault. But the damages were not objected to as excessive in the motion for a new trial, nor are they assigned as error on the record.

It is also urged that the court below erred in refusing appellant's fourth instruction. And it is insisted that the principle of this instruction is not embraced in the two preceding instructions which were given. They inform the jury that, if they find that appellee was requested by appellant to leave his house and premises before he used any violence, and appellee refused to depart upon such request, appellant had a right to use such force as was reasonably necessary, to expel her from the house and premises of appellant; and if the jury found he used only such force or violence as was reasonably necessary, to expel her from the premises, then the defendant was not guilty.

This instruction, in substance, contained all that was embraced in the fourth. The language of that was varied so as to state that he was justified in using such force as an ordinarily prudent and cautious man would have done under the circumstances. Such a person could and would not have used more force than was reasonably necessary. Had he used more, then it would not have been the act of an ordinarily prudent and cautious man, and the act would have been unreasonable. The act would ordinarily be measured by what a prudent and cautious man would have done, under the circumstances, in view of his legal right to use such and only such force as was necessary to remove her, doing as little damage as was consistent with the act. And we think that question was fairly put by the instructions given, and the court was not required to repeat the instructions already given, and there was no error in refusing this instruction.

It is urged that the first of appellee's instructions was incorrect, and should not have been given; that it fails to define an assault and battery. This is, no doubt, true, as it tells the jury that, if defendant kicked the plaintiff, and struck her with his fist on the head, kicked her and pulled her hair, they should find the defendant guilty.

To have been strictly accurate, as a definition of a battery, the instruction should have informed the jury that these acts should have been done unlawfully. But still the instruction would then have been improper, unless the jury had also been informed what would, under those acts, be unlawful. Such a qualification might have been made either in the same or some other instruction, and we think it was done when they were informed, in appellant's second and third instructions, that he might use a reasonable and necessary amount of force to expel appellee, if she refused to depart on being required to leave. We fail to perceive how a jury of reasonably intelligent men could be misled by this instruction, when read in connection with the others.

The remaining instructions given for appellee, when con-

sidered together, we think, present the law as to the measure of damages fairly, and are unobjectionable. If appellant was guilty, he was bound, at all events, for an amount of damages that would compensate appellee for the injury sustained, and if the acts on the part of appellant were wanton and wilful, the jury, according to well and uniformly recognized rules, had the right to give punitive damages, and, in doing so, were at liberty to take into consideration the pecuniary circumstances of the defendant, as well as the age, sex, position in society of plaintiff. and the injuries received, with all of the circumstances in evidence. And this is what these instructions assert, and they are substantially correct, although rather informally drawn.

It is urged that the court below erred in rendering judgment against appellant for all the costs in the case. Upon a careful examination of the transcript, we fail to find any reason why the costs should be apportioned. We find a summons returned duly served, a judgment by default rendered on that return, an assessment of damages, and that assessment and default set aside, and the return quashed. In the record we find no reason given for the entry of this order. But counsel on both sides, in argument, agree that the return was false, as there was, in fact, no service, but the return was made by mistake of the officer. If this be true, why tax plaintiff with the costs? They were incurred by no fault on her part. She is not shown to have known that the return was false, and we can not presume she knew it until after the assessment of damages and before the motion was made to set aside the proceedings and have the return quashed. She, then, was compelled to have another summons issued, and to have service, before she could proceed. Appellant has his remedy against the sheriff for the damage he has sustained by reason of the false return, but not to have the judgment reversed for that reason. Appellant must be left to his remedy against the officer.

The judgment of the court below is affirmed.

*Judgment affirmed.*