THE BAKER MANUFACTURING COMPANY v. G. W. KNOTTS.

1. ORDER OF ARREST, *Motion to Vacate.* A defendant arrested in a civil action may move to vacate the order of arrest at any time before judgment, and this notwithstanding he has already given bail.

2. ———— *Practice.* On such a motion the defendant is not precluded from challenging the sufficiency of the affidavit for the arrest, by the fact that he has filed an affidavit denying the truth of the matters stated in such affidavit.

3. AFFIDAVIT, *Leave to Amend, Erroneously Denied.* A district judge at chambers has power to permit the amendment of an affidavit for an order of arrest. Such power is not vested in the court alone.

### *Error from Sumner District Court.*

ACTION by the *Baker Manufacturing Co.* against *Knotts* and another, partners as Knotts & Wallace, to recover $2,009.60, for goods sold and delivered to defendants. At the beginning of the action, the plaintiff company filed an affidavit and bond for a civil order of arrest against both *Knotts* and Wallace, which was duly issued and served upon the defendant *G. W. Knotts.* Thereupon *Knotts* gave bail, and was released from custody. March 22, 1882, he filed his motion before the judge of the district court of Sumner county, to vacate this order of arrest. At the hearing thereof, the judge made and entered an order vacating the order of arrest. At the May Term, 1882, of the district court of that county, judgment was rendered in the action for the full amount of its claim in favor of the plaintiff and against the defendants *Knotts* and Wallace. The plaintiff brings the case here, and claims that the judge erred in the following particulars:

"1. In entertaining the motion to vacate the order of arrest after the defendant had given bail.

"2. In considering the question of the sufficiency of the affidavit for the order of arrest after the defendant had by his motion put in issue the truth of the facts charged.

"3. In holding the affidavit insufficient to justify the order of arrest.

"4. In refusing the plaintiff's application for leave to file an amended affidavit.

"5. In the final order vacating said order of arrest."

*W. P. Campbell,* for plaintiff in error.

The opinion of the court was delivered by

BREWER, J.: This was an action brought by plaintiff in error, plaintiff below, for goods sold. An order of arrest was issued, and one of the defendants arrested. He gave bail, and thereafter moved to vacate the order of arrest. This

motion was heard before the district judge at chambers, and sustained. From this ruling the plaintiff comes to this court.

It is insisted that the judge erred in entertaining the motion after bail had been given and accepted. This is a mistake. Section 159 of the code of civil procedure authorizes a defendant arrested to give bail at any time before judgment; while § 173 also provides that he may move to vacate the order of arrest at any time before judgment. Each section is independent: neither act is made to depend upon or is affected by the other. In the nature of things, the giving of bail does not preclude a motion to vacate the order of arrest, and unless the statute makes the one a bar to the other, the defendant may avail himself of both.

Again, it is claimed that as defendant denied the truth of the matters stated in the affidavit, he thereby impliedly admitted its sufficiency and was thereafter precluded from raising that question. Not so. Generally, under our system of practice, a defendant may avail himself of all defenses not inconsistent with each other; and there is no inconsistency in denying both the sufficiency of an affidavit, and the truth of the facts stated therein.

Again, the judge held the affidavit insufficient, and vacated the order of arrest. After he had ruled that the affidavit was insufficient, plaintiff asked leave to make it sufficient by amendments, but leave was refused, the judge holding that he had no power at chambers to grant leave to amend; that the power of amendment was vested alone in the court, and not in the judge. This is a mistake, as already decided in *Wells, Fargo & Co. v. Danford,* 28 Kas. 487. The judge, therefore, had power to permit an amendment, and under the circumstances ought to have done so; for the affidavit, if not sufficient, certainly showed dishonesty on the part of the defendants. Evidently they were trying to defraud plaintiff out of a part at least of its claim. We shall not definitely determine whether the affidavit as it stands is sufficient, but shall reverse the ruling, and remand the case with instructions to permit an amendment of the affidavit. After the

amendment has been made, its sufficiency will be a matter for determination. The plaintiff will have twenty days after the filing of the amended affidavit within which to issue execution against the person.

All the Justices concurring.