## HENRY MEMORY
### v.
## HERMANN NIEPERT.

*Sales — Failure to Deliver — Agency — Limitations—Damages—New Trial—Contract in Writing.*

1. An alleged erroneous allowance of interest in the computation of damages in a given case, will not be considered by this court, where the motion for new trial contains no suggestion thereof.

2. In an action for the recovery of damages alleged to have been suffered through failure to deliver a quantity of bacon according to the terms of a certain writing, this court holds that the same amounted to a contract; that the action was brought in apt time, and was properly brought; that the defendant's authorization to the plaintiff to purchase the quantity named of similar merchandise and charge him with the loss, did not in any way vary the terms of the contract, and that the adoption by the trial court of the Bremen instead of the Chicago market values by which to ascertain the damages was proper in view of the acting by the plaintiff upon the written authorization of the defendant to so adjust matters.

[Opinion filed May 8, 1889.]

In error to the Superior Court of Cook County; the Hon. Joseph E. Gary, Judge, presiding.

Messrs. Bisbee, Ahrens & Decker, for plaintiff in error.

Messrs. Smith & Pence, for defendant in error.

Garnett, P. J. Appellee sued appellant in assumpsit to recover damages for the failure of the latter to deliver 250 boxes of bacon in fulfilment of the following contract:

"Bremen, September 20, 1879.
"Messrs. Schmidt & Fuhrken,
Bremen:
"Mr. Henry Memory, in Chicago, has sold to you to-day, through my care, 250 boxes of American bacon, long clear middles, at M., 25 per 110 lbs., Engl., cost and freight Bremen, against draft at 60 days sight on your good selves or

against bankers' reimbursement, in which case one-half per
cent. allowance to be returned to you.   Drafts to be accepted
against the delivery of documents.    December or January,
1880, shipment from the west by rail to New York or Balti-
more, hence by direct steamer to Bremen.

                              " Yours respectfully,

                                   " FERD. EGGENA."

The trial was before the court without a jury, and the
issues were found in favor of appellee, who had judgment for
$4,919.96.

At the date of the transaction in question, and for some
time previous, appellee was engaged in business in Bremen,
under the name of Schmidt & Fuhrken, and appellant was
a merchant, having a house in Chicago.    The latter was
represented in Bremen by his agent or broker, Fred. Eggena,
who had authority to take the contract in question.    Inter-
preted in the light of the evidence in the case, the contract
was for the sale of the bacon at 25 marks for 110 English
pounds, less charges and freight to Bremen, a draft therefor
to be drawn on purchaser at 60 days sight, and in case he
secured a banker's guaranty thereof, he was to have returned
to him by appellant one-half of one per cent on the amount
The shipment was to be made in December of that year or
January following.

The principal defense made was that the action was barred
by the statute of limitations, more than five years having
elapsed between the time when delivery should have been
made and the bringing of the action.    The argument is that
the instrument which constitutes the basis of the action is not
a contract in writing, as it shows upon its face no agreement
by appellee, and no executed consideration for appellant's
undertaking.    We admit there has been great difficulty in
reconciling the authorities on this question, but it is now set
at rest in this State, contrary to the appellant's contention.
Plumb v. Campbell, 18 N. E. Rep. 790; Ames v. Moir, March
term of this court, 1888.    In the case last named the goods
covered by the written contract were delivered after the
execution of the instrument, but that makes no material differ-

ence as to the character of the contract.   Nothing is thereby added to the writing; no more of the contract is in writing after the delivery than before.

Another reason urged by appellant for the reversal is that by the terms of the writing an option was given to appellee to accept the draft himself, or to procure a banker's guaranty; it is said that until appellant was notified of the exercise of the option he could not ship, and as he was never so notified the fault is with appellee.   We think the construction more in keeping with business usages and the terms of the writing is that the option was to be exercised when the draft was presented for acceptance.   If not, why was the one-half per cent to be *returned* to appellee ?   The simple plan would have been to deduct the half per cent from the draft if the option was first to be exercised and notice thereof given.

Appellant wrote appellee December 4, 1879, that he would be unable to ship the goods unless there should be a decline in prices, and authorized appellee to buy the bacon in Bremen after the time for filling the contract expired and debit him with the loss.   When the time had elapsed appellee bought the bacon and charged appellant with the loss, sending him at the same time a statement of the amount.   To that statement Memory never objected.   It is now contended that this was a new contract between the parties by which the written agreement signed by Eggena was satisfied and any recovery must be for money paid out for appellant's account.

We are inclined to think that was not the intention of the parties but that it was, in substance, merely a method of adjusting the amount of the damages, leaving the original contract in full force.

Objection is made that the court adopted the Bremen market values instead of Chicago values, when the property should have been delivered, by which to ascertain the damages.   But if in fact the court.followed the adjustment which appellant authorized by his letters of December 4, 1879, and which appellee accepted and acted upon, that was sufficient warrant for the action of the court whatever may be the construction of the original writing as to the place of delivery.

In the computation of damages it is said the court erroneously included interest, but in the motion for new trial there was no suggestion of excessive damages, and it is now too late to complain on that score. Oberman Brewing Co. v. Ohlerking, opinion filed in this court April 17, 1889.

We think there is no error in the record and the judgment is affirmed.

*Judgment affirmed.*

GARY, J., took no part in this case.