## JOHN W. NICHOLSON
## v.
## PETER DONEY.

*Agency—Sale—Ratification—Practice.*

1. Receiving and collecting a check by a principal with knowledge that it was sent by his agent, as the proceeds of the sale of an article he was authorized to dispose of, amounts to a ratification of the sale.

2. Where injustice has been done, the verdict of a jury will be set aside.

[Opinion filed January 16, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. KIRK HAWES, Judge, presiding.

Messrs. D. M. HILLIS and M. O. NARAMORE, for appellant.

Messrs. SHERMAN & PINNEY, for appellee.

GARY, J. Although this case has in it only questions of fact, the injustice of the result is so apparent, that the judgment must be reversed.

The appellee, in his testimony, claimed that he shipped from Joliet to the appellant in Chicago two second-hand boilers and one second-hand engine to be sold on commission. The clear preponderance of the evidence is that the boilers never came to the possession of the appellant. As to the engine, the appellant vainly sought a customer.

March 25, 1886, the appellee writes to the appellant, "If you will send me the money, take it for what it is worth to you, and I will send you a receipt for the same." Again April 2, 1886, " Weren't you afraid to give me $12 for that engine that you have in your possession? Have sent letter from friend offering twenty or twenty-five dollars." And four days later, " Sell the engine to Frank or any one else and take out your pay for your trouble."

The appellant sold it for $10, and sent a check for the whole

amount, accompanied by a receipt for appellee to sign and return. The appellee collected the check, did not sign the receipt, but by letter denied the authority of appellant to sell at such a price and threatened suit.

The appellant forthwith informed the appellee that he could have the engine from the purchaser for the money, and requested him to come or send and get it. This the appellee refused to do.

The appellee has recovered $150, which is outrageous, if he was entitled to recover at all. But he was not entitled to recover at all. Receiving and collecting the check, with knowledge that it was sent as the proceeds of the sale of the engine, was a ratification of the sale. If he chose to collect the check, he must accept the terms on which it was sent. Leiter v. Pike, 127 Ill. 287; McDaniels v. Bank of Rutland, 29 Vt. 230.

If the sale was without authority, the appellee had his election to repudiate it, or ratify it; he could not " blow hot and cold with the same breath." Yourt v. Hopkins, 24 Ill. 326.

The motion for new trial should have been sustained. The judgment is reversed and the cause remanded.

*Reversed and remanded.*