LEROY PAYNE

v.

JAMES McLEAN.

*Master and Servant—Recovery of Wages—Appellate Court—Jurisdiction of—New Trial.*

1. Where it is assigned as a reason for a new trial that "the verdict rendered by the jury was contrary to law and the testimony produced

at the trial," only the point that the verdict was for the wrong party is raised, not that it was too much.

2.  No question as to the amount of a verdict can be made in this court for the first time.

3.  This court has jurisdiction to correct errors of law only, and a verdict, regular on its face, but not warranted by the evidence, is not of itself an error of law; if an appropriate motion is made and denied by the court, then for the first time is an error of law committed.

[Opinion filed May 6, 1892.]

Appeal from the Superior Court of Cook County; the Hon. Theodore Brentano, Judge, presiding.

Mr. D. S. Gooding, for appellant.

Mr. William A. Doyle, for appellee.

Gary, J.  This was an appeal from a justice, tried by a jury without instructions, in which the appellee sued for wages.  Quoting from the abstract prepared on the part of the appellant, the appellee testified :  " When I stopped working for him he gave me a ticket for $11.05, but he owed me $10 more than that." * * *  " The bookkeeper gave me the ticket and told me I could not get my money until I signed a receipt for $11.05 in full of all demands.  I claimed there was $10 more due me, but he said that was all he could pay, that I would have to see Payne about the balance.  I tried to several times, but could only find the bookkeeper there; and as I had to have money, I signed the receipt and got the $11.05, and told him at the time that I would have the balance if I had to sue for it."

The receipt is as follows :

" Palmer House Livery.
Pay J. McLean, $11.05.   Eleven Dollars 05/100.
Date, Aug. 15, 1891.

A. J. Johnson, Timekeeper.
Received the above:  J. McLean.
This check not transferable.   Paid in full all demand."

Upon this evidence the appellant requested the court to instruct the jury to return a verdict for the defendant,

which being refused, he excepted. The attorney of the appellee had sent a letter to the appellant before beginning the suit, but as we think the rights of neither party were enlarged nor abridged by that letter, we take no further notice of it. The jury found a verdict for the appellee for $24.50, which, upon the case presented, is $14.50 too much, if he is entitled to recover at all.

Now, upon the evidence it was a question for the jury, being uninstructed, whether it was agreed to between the parties that $11.05 was taken in full of a disputed demand, so as to bring the case within the principle of Rosenmueller v. Lampe, 189 Ill. 212, Nicholson v. Doney, 37 Ill. App. 531, and Guldager v. Rockwell, 24 Pac. R. 556, S. C. 14 Col. 459, or whether it is within the reasons of R. R. I. & St. L. v. Rose, 72 Ill. 183, and W. U. R. R. Co. v. Smith, 75 Ill. 496.

The evidence shows not a word of negotiation or dispute; simply, the bookkeeper could only pay, if the appellee signed a paper. That the jury might perhaps more satisfactorily have found in favor of the appellant does not necessarily make a verdict against him, one that ought to be set aside, simply because it is against him; and the reason assigned for a new trial, that " the verdict rendered by the jury was contrary to law and the testimony produced at the trial," only raises the point that the verdict was for the wrong party; not that it was too much. Ray v. Thompson, 26 Mo. App. 431; Thickstrom v. B. & O. R. R., 119 Ind 26.

No question as to the amount can be made for the first time here. Linn v. Linderoth, 40 Ill. App. 320; Memory v. Niepert, 33 Ill. App. 131.

This court has jurisdiction to correct errors of law only; and a verdict, regular on its face, but not warranted by the evidence, is not of itself an error of law; if an appropriate motion is made and denied by the court, then for the first time is an error of law committed. Fairbury v. Rogers, 98 Ill. 554. The judgment is affirmed.

*Judgment affirmed.*

WATERMAN, P. J. I dissent.