## Heidenbluth et al. v. Rudolph et al.

1. PRACTICE.—*Appellate Court.*—The Appellate Court can not, without disregarding its rules and former decisions, look into a record not abstracted to see what the merits of a controversy are.

Memorandum.—Mechanics' lien proceedings. Appeal from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding. Heard in this court at the March term, A. D. 1893, and affirmed. Opinion filed May 11, 1893.

The opinion states the case.

LYNDEN EVANS and FREDERICK ARND, attorneys for Heidenbluth Brothers and Bloedner & Co., appellants.

VOCKE & HEALY, attorneys for Charles Manske, appellant.

LYNDEN EVANS and JOHN J. HEALY, of counsel.

FREDERICK A. WILLOUGHBY, attorney for North et al., mortgagees, appellees.

EDGAR L. HANCE, attorney for Kerr & Barr, appellees.

OPINION OF THE COURT, GARY, P. J.

These are three separate appeals by parties who claim mechanics' liens which were denied to them in the Circuit Court. The several appeals are properly here on one record, but that record should be so abstracted that the court by reading the abstract, may see what the several claims are, upon what they are founded, and in what manner they were presented below.

The first two pages of the abstract contain an index to the first one hundred and seventy-five pages of the record. Then follow the master's report and accompanying evidence which we suspect are fairly abstracted, and next by the abstract we are referred to the page of the record where the objections and exceptions to this report may be found. But there is nothing in the abstract giving any information as to the contents of the pleadings, objections or exceptions.

It may be that the Circuit Court would have sustained the claims of the appellants if the case of Berndt v. Arnknecht, 50 Ill. App. 402, opinion filed April 12, 1893, had been decided here before this case was decided in the Circuit Court. We there held that the filing of the claim in compliance with section 4 of the lien act, was not a condition precedent to a lien against the owner with whom the contract was made, and it may be that all others interested can be held on the principle of the case of Paulsen v. Manske, 126 Ill. 72, and cases there cited. We can not, without disregarding the rule of this court, and our former decisions, look into the record, not abstracted, to see what the merits are.

Tolman v. Dreyer, opinion filed with this, contains, in words and references upon this subject of abstracts, enough for the present. The decrees are affirmed.