# Richey v. Dunham.

1. PRACTICE IN APPELLATE COURT—*Improper Abstract of the Record.*—The following was filed as an abstract of the record:

"1        Placita.
2         Bond.
2–3       Pretended transcript and summons.
4         Appellee's appearance.
5         Affidavit to place on short cause and notice.
6         Trial by court and judgment for plaintiff.
7         Appeal prayed and allowed.
          Affidavit in support of motion to correct the record in matter of striking case from short call calendar.
8         Order overruling motion.
9         Affidavit of James Healey, setting forth that motion to strike from short call calendar was made and overruled before trial.
          Affidavit of J. W. Richey in support of motion to change record.
10        Affidavit of Charles Nystrom in support of above motion.
11        Order allowing motion to correct record.
12        Appeal from order of court.
13        Appeal allowed.
14–15     Copy of appeal bond.
16        Bill of exceptions approved.
17        Motion by appellant to strike case from short cause calendar on the ground that it was on the regular calendar, and was to be tried by agreement that way."

*It was held,* that the court was not required to look into the record for the instruments referred to.

2. PRACTICE — *Appellate Court—Imperfect Abstract.* —Where an abstract of the record merely refers to the place in the record where the paper may be found without any attempt to show what it is, the court is not required to look there for it.

**Memorandum.**—Action of assumpsit on appeal from justice's court. In the County Court of Cook County; the Hon. FRANK SCALES, Judge, presiding. Judgment for plaintiff; defendant appeals. Heard in this court at the March term, 1893, and affirmed. Opinion filed May 17, 1893.

The statement of facts is contained in the opinion of the court.

RUNYAN & RICHEY, attorneys for appellant.

WANLESS, PIERSON & KNUDSON, attorneys for appellee.

Galbraith v. Chicago Architectural Iron Works.

OPINION OF THE COURT, GARY, P. J.

The appellant, by his brief, says that this case was origi-
nally tried before a justice of the peace and appealed to the
County Court, and the supposed transcript was not signed by
a justice, nor certified to by him in any way.

Upon these premises he bases a conclusion that the County
Court had not acquired jurisdiction to proceed, but as he, in
his abstract, only refers to the place in the record where the
transcript may be found, without any attempt to show what
it is, we are not required to look there for it.    Chapman v.
Chapman, 27 Ill. App. 487; Magner v. Trumbull, 33 Ill. App.
646; Tolman v. Dreyer, 50 Ill. App. 243; opinion filed with
this.

If we did, probably all objection to it would be con-
sidered waived, by not raising the question in the County
Court.    Fink v. Disbrow, 69 Ill. 76.

Whether the recovery should be for two dollars and a
half or seven dollars was the great question on the trial in
the County Court, but the abstract does not show that the
finding by the court of the latter sum, was excepted to, and
the motion for a new trial did not mention excessive dam-
ages as one of the reasons.    Memory v. Niepert, 33 Ill. App.
131.

Testimony about a tender of two dollars and a half, is
immaterial, as on this record it must be taken that seven
dollars was due.

The abstract shows a motion to strike the cause from a
short cause calendar, but does not show that it was on such
a calendar, nor that the alleged reasons for striking off,
were founded upon facts.

The judgment is affirmed.