## Funk et al. v. Mills.

1.  PRACTICE—*Appellate Court—Motion for a New Trial—Exceptions.* —Where a bill of exceptions fails to show that a motion for a new trial was made, or that any exception to the amount of the finding was taken, the amount of the finding can not be questioned for the first time in the Appellate Court. .

**Memorandum.**—Assumpsit: In the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. *Scire facias* to make parties to a judgment; plea, general issue; finding for plaintiff; defendant appeals. Heard in this court at the March term, 1893, and affirmed. Opinion filed May 24, 1893.

The opinion states the case.

REMY & MANN, attorneys for appellants.

ALDRICH, PAYNE & DEFREES, attorneys for appellee.

Opinion of the Court, Waterman, J.

Appellants made their promissory note, payable to the order of appellee; John B. and William H. Vesey signed the same as sureties. Suit was brought thereon, and the Veseys only, having been served with process, judgment was obtained against them for $1,131.17. Thereupon a *scire facias* was issued to appellants, requiring them to show cause why they should not be made parties to the judgment; this having been served, they appeared and filed a plea of the general issue.

January 23, 1893, the matter coming on for hearing, a jury being waived, the court found the issues for appellee and ordered that appellants be made parties to the said judgment against William H. and John B. Vesey for the sum of $1,131.17.

It is urged that the judgment is for too great a sum, it being in part made up by the allowance of $100 as attorney's fees; the note providing for the allowance of reasonable attorney's fees, and no evidence as to what was such fee having been heard.

The bill of exceptions fails to show that a motion for a new trial was made, or that any exception to the amount of the finding was taken.

A general exception only was taken, viz: " to the finding, order and judgment of the court." The attention of the court not having been called to the alleged error in the amount of its finding, by motion for a new trial or otherwise, so that it might correct the same, it is too late to urge such objections here. Jones v. Jones, 71 Ill. 562; Leyenberger v. Paul, 25 Ill. App. 480; Memony v. Niepert, 33 Ill. App. 131; Oberman Brewing Co. v. Ohlerking, 33 Ill. App. 25; Boyle v. Levings, 28 Ill. 316; Gill v. The People, 42 Ill. 323; Bills v. Stanton, 69 Ill. 51; Reichwald v. Gaylord, 73 Ill. 503; Ottawa O. & F. R. V. R. R. Co. v. McMath, 91 Ill. 104; Gould v. Howe, 127 Ill. 251; Roblin v. Yaggy, 35 Ill. App. 537; Richey v. Dunham, 50 Ill. App. 246.

The judgment of the Superior Court is affirmed.