ANDREW DANIEL CHAPMAN v. THE H. D. LEE
MERCANTILE COMPANY.*

No. 280.

1. ARREST AND BAIL—*Affidavit, Amendment of—Evidence.* A district judge at chambers has authority to permit the amendment of an affidavit for an order of arrest, and when such amended affidavit is made and filed, it becomes a part of the records of the case, and may be read and considered as evidence on the hearing of a motion previously made to vacate the order of arrest.

2. —————— *And Attachment—Satisfaction by Levy.* The proceedings in attachment and in arrest and bail are not necessarily exclusive of each other. The mere levy of an attachment does not satisfy the debt. In order for an attachment to have that effect it must be shown that the property levied upon was sufficient for and applied to the payment of the demand sued on.

*Affirmed by supreme court, April 8, 1899. See 60th Kan. REP.

Error from Saline district court; R. F. Thompson,. judge. Opinion filed May 6, 1898. Affirmed.

*Mohler & Hiller*, for plaintiff in error.

*Bond & Osborn*, and *Z. C. Milliken*, for defendant in. error.

The opinion of the court was delivered by

McElroy, J. : This case was before this court in *In re Chapman*, 4 Kan. App. 49. The case is now before us for a review of the order and judgment of the district court in refusing to vacate the order of arrest. and in awarding execution against the person of Chapman.

The plaintiff in error contends that the trial court. erred in permitting the mercantile company to file an amended or new affidavit for an order of arrest and to use it on the hearing of the motion to vacate the order, and in permitting the mercantile company to introduce evidence on the hearing of the motion other than that contained in the papers in the case. A defendant may, at any time before judgment, by motion,. apply to the court in which the suit is brought, if in session, and in vacation to the judge thereof, to vacate the order of arrest, or to reduce the amount of bail. "If the motion be made upon affidavit on the part of the defendant, but not otherwise, the plaintiff may oppose the same by affidavits or other evidence in addition to that on which the order of arrest was. made." (Gen. Stat. 1897, ch. 95, § 174.) Chapman made application to vacate the order of arrest, and on the hearing the mercantile company was permitted to· file an amended affidavit. Our statute is very liberal in permitting amendments. An affidavit for an order of arrest may be amended upon application therefor·

and by permission of the court. (*Baker Mfg. Co. v. Knotts*, 30 Kan. 356.)

The defendant stated in his motion to vacate the order of arrest that the papers in the case would be used in evidence on the hearing of the motion. Upon the hearing of the motion, all the papers and files of the case, if competent, were proper for the consideration of the court. The amended affidavit became one of the papers in the case when filed, and was proper evidence for consideration on the hearing of the motion as one of the papers in the case. The clerk of the district court, apparently for convenience, at the hearing filed a certificate showing the amount of the accrued costs. The certificate was simply a tabulation of what the records in the case showed. The trial court had a right to take notice of the accrued costs in the case, and the formality of the clerk in certifying to the amount of costs, and the court's permitting such certified statement to be read at the hearing, were at most irregularities only, which could not have prejudiced the substantial rights of either party. The affidavit of arrest and papers in the case showed that the defendant's interest in the attached property was insufficient to satisfy plaintiff's claim. The tabulated statement of the clerk purported to show only the amount of the deficiency, and of course the amount of the deficiency was immaterial if any deficit existed. The amount of plaintiff's claim was $1282.65; the value of the attached property was $1450. The record, papers and files of the case on the hearing showed that the attached property was mortgaged, and that the interest of Chapman in the property was, in fact, insufficient to pay the plaintiff's claim. The court committed no error in permitting the amendment nor in the admission of evidence.

Complaint is also made that the court erred in overruling and denying the motion to vacate the order of arrest. The contention is that the levy of the attachment upon property of the appraised value of the debt and probable costs was, in law, a satisfaction of the debt. The attachment is the grasp of the law laid upon the goods of the debtor, while the arrest is the grasp of the law upon his person. Where, as in the present case, they were issued as mesne processes, the attachment simply holds the property by lien as security for payment, if the plaintiffs recover judgment. The warrant holds the debtor's person for the same purpose until he gives bond to the effect that, if judgment shall be rendered in the action against him, he will render himself amenable to the process of the court thereon, or until he deposits with the sheriff or in the court the amount of money mentioned in the order of arrest. The attachment gives the creditor the security of an immediate grasp on such property as the sheriff can find, and the warrant gives him security for the payment of the judgment when rendered. There is nothing repugnant in these methods, and both may be necessary to a complete remedy. That they are not necessarily exclusive of each other, is shown by the consideration that the attachment may be dissolved and the suit go on as upon summons.

If an attachment should issue on account of the fraudulent contraction of the debt, and should be dissolved, the action continuing as if upon a summons, and thereafter the debtor should fraudulently attempt to remove or conceal his goods, there could be no doubt that a warrant of arrest would lie. We see no reason why the same result should not follow where the attachment fails to grasp sufficient property to

17—7 KAN. APP.

satisfy the claim or from any other cause proves to be an inadequate remedy.

The cases cited on behalf of the defendant are not analogous, for they rest on the common-law doctrine that a levy of an execution or attachment is presumed to be a satisfaction, and therefore there is no debt to support the issue of the warrant. Many of the authorities cited tend to show that the contention of plaintiff in error is not tenable. The only authority cited by counsel which seems to support his claim is the case of *Yourt v. Hopkins*, 24 Ill. 326. An examination of this case shows that the plaintiff collected on execution from the attached property the full amount of his claim, and thereafter he was required to surrender his other securities. The mere levy of an attachment does not satisfy the debt. In order for the attachment to have that effect, it must be shown that the property levied upon was sufficient for that purpose. (Wade on Attachment, § 34; Drake on Attachments, §§ 190, 222, 228; *Maxwell v. Stewart*, 22 Wall. 77; *Grieb v. Knuttner*, 19 Atl. Rep. 1041.)

The showing upon the motion presented a very proper case for the court to reduce the amount of bail, if application or request had been made therefor, but was insufficient to support a demand that the court vacate the order of arrest as a matter of right. The record in this case discloses no error prejudicial to the rights of the plaintiff in error. The motion for a new trial was properly overruled. The judgment must be affirmed.

WELLS, J., concurring.

MAHAN, P. J. (dissenting) : The defendant in error began this action against the plaintiff in error on the 6th day of January, 1896, to recover the sum of

$1282.65 on an account for goods sold and delivered. Affidavit was filed for attachment at the commencement of the suit and attachment was issued and levied upon property of the defendant, which was appraised at $1342.17, and was subsequently sold under an order of the court in the proceeding for $1450.

The grounds charged in the affidavit for attachment were, that the debt was fraudulently contracted; that the defendant had removed and disposed of and was about to remove and dispose of his property with intent to hinder, delay and defraud his creditors. Subsequently a motion was made to dissolve the attachment, which was heard and denied by the court. The acts upon which the charge of fraudulent disposition of the property was based were three mortgages made by the defendant to his wife and others, an assignment of accounts to his father, and a mortgage to an attorney to secure fees which were to be thereafter earned by services to be performed for the defendant. By specific findings in the case, the court found these mortgages to have been fraudulently made, and that the debt was fraudulently contracted, and denied the motion to discharge the attachment. On the 29th day of January, after the motion to discharge the attachment was denied, the court, on the motion of the plaintiff, made an order for the sale of the property.

Thereafter the plaintiff filed an affidavit for an order of arrest, alleging the same grounds alleged in the affidavit for attachment, claiming the $1282.65 to be due, with interest, as in the former affidavit, and on which an order of arrest was issued for the full amount of the debt, and requiring the defendant to enter into bond in the sum of $2565.30, being double the amount of the claim. Under this order the defendant was arrested, and gave bail as required by the

statute, and subsequently, upon due notice, presented to the district judge his motion to discharge the order of arrest, and assigned, as grounds for such motion, that it was improperly issued; that it was issued contrary to and without authority of law; that prior thereto the plaintiff had had an order of attachment, and had seized goods of the defendant of greater value than the plaintiff's claim, and had adequate security for its debt; that no proper affidavit was filed therefor; and that the levy of attachment was a satisfaction of the debt. The motion and notice advised the plaintiff that it would be presented for hearing upon the papers in the case.

In the affidavit for the order of arrest, the proceedings under the motion to dissolve the attachment were recited as a part of the grounds for the belief of the plaintiff in the matter alleged as grounds for the order of arrest; but the attachment and proceedings thereunder, or the amount of property levied upon, or the fact that there were any claims against the property prior to the plaintiff's lien of attachment were not mentioned. So that practically at the beginning of the action the plaintiff made use of both the provisional remedies of atttachment and arrest and bail, and enforced both rights at the same time. Upon the hearing of the motion to discharge the order of arrest the plaintiff was permitted to file an amended affidavit, and in such so-called amended affidavit it admitted the validity of one of the mortgages amounting to $105 as a claim prior to the attachment lien, hence showing that the amount of the attached property, after deducting this prior lien, was not sufficient to discharge the debt, and hence, that there was some balance of unsecured claim for which an order of arrest might issue. To this permission to amend, and

the character of the amendment, the defendant objected, and assigns this action of the court as error.

The judge also, upon hearing the motion to discharge the order of arrest, permitted the plaintiff to prove the amount of costs that had been incurred in the proceeding, amounting to some $262, including, among other items, the sum of $130.50 claimed by the sheriff for care of the goods attached. To this action of the court permitting this evidence to be used the defendant also objected and excepted, and assigns that as an error.

But the principal ground of complaint is in sustaining the order of arrest issued by the clerk for the full amount of the plaintiff's claim, requiring therein an undertaking, in order to be discharged from custody, of double the amount of the original claim, at a time when an attachment process had been issued and levied upon a sufficient amount of the defendant's property to secure the plaintiff's claim in the first instance.

The majority of the court, in deciding this case, held that an order of arrest and an order of attachment may both issue at the same time. At common law two such writs may be issued at the same time. But the plaintiff was put to his election as to which one he would enforce ; and if he elected to enforce one, he could not enforce the other until the first one had been returned and there was a record of the court showing what it lacked, if anything, before it could proceed to enforce a writ either against the property or the person of the defendant.

Paragraph 7281, General Statutes of 1889 (Gen. Stat. 1897, ch. 1, § 1, ¶ 4), says :

"The common law, as modified by constitutional and statutory law, judicial decisions, and the con-

ditions and wants of the people, shall remain in force in aid of the general statutes.''

There is nothing in the code that would indicate that the legislature intended that a party should have the benefit of both of these provisional remedies at one and the same time. And it is against reason, and against common right, that a party should have a double remedy, or double security for his debt, as was given to the plaintiff in this case by the ruling of the court.

Our supreme court has twice declared that it was not contemplated by the law that a party should have double security for his claim. The court says, in its opinion, that the two provisional remedies are not necessarily exclusive of each other, because the attachment may be dissolved and the suit go on ; and that, although the attachment may be dissolved in the first instance, if the facts should warrant, an order of arrest may subsequently issue. I can see nothing in this argument to support the contention that it is lawful for a clerk of a court to issue and a party to enforce a double remedy of this kind, which would result in giving a claimant double security and in oppressing the defendant. It cannot be denominated by any other name than oppression.

The plaintiff was guilty of an abuse of the process of the court, and the court, in my judgment, abused its discretion in refusing to discharge the defendant from such order of arrest; and for such abuse of discretion the order of the judge denying the motion of the defendant to discharge the defendant from the arrest ought to be reversed, and the case remanded with directions to sustain the motion and discharge the defendant from the bail so oppressively required of him.

This of course would necessarily compel a reversal of that part of the final judgment of the court awarding an execution against the person based entirely upon this order of arrest, under the provisions of the statute: