Evans v. Gould.

---

## R. O. Evans v. Charles A. Gould.

1. APPELLATE COURT PRACTICE—*Abstract Must Show Special Pleas.*—The Appellate Court may fairly be presumed to have knowledge of what the common counts in assumpsit contain, but not what a special count upon an express contract contains. Such counts must be shown by the abstract.

2. SAME—*Defects in the Abstract Cured by Appellee.*—Where the appellee, by an additional abstract filed by him for the purpose of obtaining a review of the judgment upon cross-errors, has supplied enough to enable the court to consider the case upon its merits, the defects in the abstract are cured.

Assumpsit, on a contract of hiring. Trial in the County Court of Cook County; the Hon. ALBERT O. MARSHALL, Judge, presiding. Find-

ing and judgment for plaintiff; appeal by defendants. Heard in the Branch Appellate Court at the March term, 1899. Affirmed. Opinion filed April 11, 1899.

Frank Little, attorney for appellant.

F. P. Blackman and John R. Day, attorneys for appellee.

Mr. Justice Shepard delivered the opinion of the court.

According to appellant's abstract of the record, the declaration consisted of the common counts and one or more special counts upon an express contract, but nothing is shown of the contents of the special counts or either of them. We might fairly be presumed to have knowledge of what the common counts in an assumpsit suit contain, but not so concerning a special count upon an express contract.

Another serious defect in appellant's abstract, is the omission to include in it any mention of his assigned errors, which constitute his pleading in a court of review, and upon which he must rely if he hopes for a reversal of the judgment against him. The only statement of them is, "Assignment of errors on behalf of appellant."

The appellee made the point of the insufficiency of the abstract, and invoked its application against appellant, in a brief filed ten months ago, but no step has been taken to correct or amend the same.

Under such circumstances the proper course is to affirm the judgment.

Some of the cases in point are: Superior Lumber Co. v. Tracy, 78 Ill. App. 551; Richey v. Dunham, 50 Ill. App. 246; Heidenbluth v. Rudolph, 50 Ill. App. 242, in which cases reference to many others may be found.

But the appellee (plaintiff below), by an additional abstract filed by him for the purpose of obtaining a review of the judgment upon cross-errors, has supplied enough to enable us to consider the case upon its merits. The insistence under the cross-errors is that the court erred in not giving plaintiff judgment for more, in that it did not award him a full year's salary of six hundred dollars, and expenses paid by him in the course of his employment.

And it is urged that upon the authority of Linder v. Monroe, 33 Ill. 388, this court may give final judgment here for the correct amount, the evidence being free from conflict in respect of the expenses paid by appellee. Whether that authority is in point and applicable to a case like this, may be doubted. But we regard the merits of the controversy as settled by the judgment that was given. The contract between the parties that was introduced in evidence, was one of hiring of appellee by appellant upon a stipulated compensation, to canvass for and sell certain school supplies made by appellant.

The question of what appellee was entitled to, if anything, was fairly before the court, upon the contract which was read in evidence and the testimony of appellee, comprising all the evidence heard or offered, and we are unable to discover any error in the result arrived at by the court, either upon the law or the facts.

We think the court's actions in holding and refusing the several propositions of law that were submitted by both sides, were correct, but we do not regard the questions involved there as novel, or of sufficient importance to be elaborated, when to elaborate would be to merely restate common knowledge by the profession concerning contracts of employment, and whether severable or entire under the particular provisions of each.

We have read all the evidence with care, and have considered every proposition of law that was submitted to the court, either held or refused, and our conclusion is that in law no error was committed, and upon the merits that substantial justice has been done. Affirmed.