### James A. Whiteside et al. v. Aaron Collier et al.

1. APPELLATE COURT PRACTICE—*When Reasons in Support of Motion for, Not Considered.*—Reasons in support of a motion for a new trial not having been presented to the trial judge, can not be considered in the Appellate Court on appeal.

Appeal from the Circuit Court of Pope County; the Hon. ALONZO K. VICKERS, Judge, presiding. Heard in this court at the August term, 1901. Affirmed. Opinion filed March 3, 1902.

In 1899, appellants, who were controlling a pleasure and health resort known as Dixon Springs, built a dam across a small creek or branch, for the purpose of making a lake for gathering ice, fishing and boating. When the lake was full the water covered about two acres. About a quarter of a mile below the dam the branch joined a large branch, referred to by the witnesses as "Hill's"or Buck's branch or creek. About a quarter of a mile further down, this larger branch entered the farm of one Phelps, a part of which farm appellees were cultivating in corn and had contracted to cut and care for the hay growing thereon. Appellees were to have two-thirds of the corn which they should grow, and were to have one-third of the hay for the harvesting. On the

22d day of June the dam gave way and the water held by it rushed down the little branch to Hill's branch, then down Hill's branch to the Phelps farm and flowed down upon it, and it is alleged injured appellee's crop of growing hay and corn.

Appellees contend that appellants were negligent, either in the construction or in the subsequent maintenance of said dam, and that the injury is the result of such negligence.

Appellants deny that they were negligent and also deny that the water held by the dam caused the injury complained of.

Appellees brought suit before a justice of the peace, from whose judgment appeal was taken to the Circuit Court of Pope County, where the cause was tried by a jury, resulting in a verdict for appellees, from which judgment the defendants appealed.

Appellants do not claim that the damages are excessive, but insist that they are not liable for any amount.

WHITESIDE & DURFEE, attorneys for appellants.

D. G. THOMPSON, attorney for appellees.

MR. PRESIDING JUSTICE WORTHINGTON delivered the opinion of the court.

Error is assigned for giving improper instructions for plaintiffs and for refusing proper instructions asked by defendants.

The abstract shows seven reasons submitted by appellants, in writing, to support their motion to set aside verdict and for new trial. Numbers three and four of these reasons as abstracted, are, respectively, for giving improper instructions for plaintiff, and for refusing proper instructions asked by defendant. Counsel for appellee charge that said reasons, numbered three and four, were not in the written motion for new trial, and that they are wrongly interpolated in the abstract. The record sustains the charge. They do not appear in the bill of exceptions. Not having been presented to the trial judge in appellant's written motion, they are not before

this court for consideration on appeal. R. R. Co. v.
McMath, 91 Ill. 104; World's Columbian Ex. v. Bell, 76 Ill.
App. 596; Emory v. Addis, 71 Ill. 277; Jones v. Jones, 71
Ill. 562.

It is urged that the court erred in rejecting testimony to
show the respective acres drained by Hill's branch and by
the lake branch.

It was not material error to exclude such evidence. Ap-
pellant had the benefit of the testimony of witnesses called
by him as to which of the streams caused the overflow of
appellees' land. The acreage drained by each was not
material to this issue.

It is urged that there can be no recovery because if there
was negligence in building or maintaining the dam, which
caused it to give way, the evidence does not show what that
negligence was, or what was the cause of it giving way.

There are no written pleadings in the case, it being an
appeal from a justice. There is therefore no variance. It
is not denied that the dam gave way. The presumption is,
then, that it was not maintained as it should have been.
It was built for appellants' sole profit, and it was their duty
to maintain it so that others would not be injured by it.
Their right of recovery does not depend upon their ability
to specify or prove what mistake or insufficiency in the
construction of the dam caused it to give way. It does,
however, appear in evidence that there were cracks run-
ning lengthwise at the top of the bank, which appellant
was endeavoring to close before the dam gave way.
Cletcher testifies:

"We were at work on the dam and when the water got
in these cracks we could not keep it out; then it began to
give way."

The jury were warranted, in the absence of evidence to the
contrary, in concluding that if these cracks were not there
the dam would not have been washed out. How long they
had been there does not appear.

From a review of the whole evidence, we think that the
verdict is sustained by the evidence. Judgment affirmed.