## Lewis W. Green v. George Buckingham.

1. Trespasser—*extent of right of owner of land to eject.* The owner of land has a right to eject a trespasser thereon; where in so doing he employs more force than is reasonably necessary to that end, he is guilty of trespass.

Action of trespass for assault and battery. Appeal from the Circuit Court of Vermilion County; the Hon. E. · R. E. Kimbrough, Judge, presiding. Heard in this court at the May term, 1905. Reversed and remanded. Opinion filed October 9, 1905.

J. B. Mann, for appellant.

Rearick & Meeks, for appellee.

Mr. Justice Baume delivered the opinion of the court.

Appellant brought this suit against appellee to recover damages for an assault and battery committed on the person of the former by the latter. The case was tried upon the issue made by appellee's plea justifying the assault in defense of the possession of land occupied by him and appellant's replication averring the use of excessive force by appellee. There was a verdict and judgment in favor of appellee.

The uncontradicted evidence discloses that on the day of the assault appellant was engaged in constructing a rail fence on land which he claimed to own and which appellee claimed he was entitled to the possession of. Appellee observing the progress of the work ordered appellant to quit building the fence, and kicked down several panels of the fence then constructed. Appellant refused to quit and was proceeding to construct the fence whereupon appellee, without warning and without any demonstration on the part of appellant, struck the latter a violent blow on the side of the head with his fist. The force of the blow cut appellant's ear and knocked him against the fence injuring his leg, long afflicted with varicose veins. Appellant was seventy-two years of age and weighed 150 pounds, and appellee was thirty-five years of age and weighed 170 pounds.

A trespasser who refuses to comply with the request of the rightful occupant to leave the premises may be forcibly ejected, but no more force must be used than is reasonably necessary to that end. Jones v. Jones, 71 Ill. 562.

Clearly, in this case, appellee did not commit the assault complained of in the exercise of his lawful right to eject appellant from the premises. Rather, the character and circumstances of the assault show that it was made maliciously and for the sole purpose of inflicting an injury upon the person of appellant.

Because the verdict is against the manifest weight of the evidence, the judgment is reversed and the cause remanded.

*Reversed and remanded.*