# THE WESTERN UNION TELEGRAPH COMPANY
## v.
## WATTS DE GOLYER ET AL.

*Failure to Send Telegram—Action for Damages—Questions for Jury-Practice.*

In an action against a telegraph company to recover damages for a failure to send a telegram, it is *held:* That the question whether the plaintiff assented to a printed clause on the blank used, requiring claims for damages to be presented within sixty days, and whether the claim was presented within the time so limited, were for the jury; and that, although the verdict appears to be excessive, this court can not reverse on that ground as the question was not raised in the court below.

[Opinion filed December 7, 1888.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. WILLIAMS & THOMPSON, for appellant.

Messrs. WEIGLEY, BULKLEY & GRAY, for appellees.

MORAN, J.   This is an appeal from a judgment recovered by appellee against appellant in an action for a failure to send a telegram delivered to appellant in Chicago to be transmitted over its line to Savannah, Georgia.

Appellant's defense was that the claim was barred by failure of plaintiffs to present the same to appellant in writing, within sixty days after the message was delivered to it to be sent.

Whether this defense existed or not depended on the question whether the notice or clause printed on the telegraph blank used by plaintiff had been assented to by him, and on the further question whether, in fact, the claim was presented to appellant within sixty days.

Both these questions were fairly left to the jury under an instruction given by the court at the request of the defendant, and the verdict must be taken as settling that issue against the contention of appellant.

We have examined the instructions refused by the court and are of opinion that no error was committed in that regard.

Appellant contends that the verdict is excessive in about the sum of $31, and we are inclined to think that contention correct; but we can not reverse for such error, for the reason that it does not appear that the attention of the trial court was called to this excess in the verdict, and it is not covered by any of the reasons assigned in the motion for a new trial. Emory v. Addis, 71 Ill. 273; O., O. & F. R. V. R. R. Co. v. McMatt, 91 Ill. 104.

There is no error in the record which authorizes a reversal by this court, and the judgment must therefore be affirmed.

*Judgment affirmed.*