## JOHN A. LINN

### v.

## SWEN LINDEROTH.

*Contracts—Services Performed for Another—Payment—Presumption—Damages—Practice.*

1. Where there is no relationship between certain parties, and one of them performs a service for the other, the presumption is, that it is to be paid for, and the burden will be upon the one receiving the service, to show it was agreed to be performed without remuneration.

2. The point that damages given in a certain case were excessive, can not be primarily made herein.

[Opinion filed March 13, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. KIRK HAWES, Judge, presiding.

Messrs. BLANKE & CHYTRAUS, for appellant.

Mr. EDMUND FURTHMANN, for appellee.

MORAN, P. J. The appeal is prosecuted to reverse a judg-

ment in favor of appellee and against appellant recovered for services alleged to have been rendered by appellee in making certain plans or sketches for a building which appellant proposed to erect.

The only ground set forth in the motion for new trial filed in the court below is, that the verdict is against the evidence, and the only error assigned here is the failure of the court to grant a new trial.

It is strenuously urged that the verdict is manifestly against the evidence. There is an irreconcilable conflict between appellant and appellee upon several points. But from appellant's testimony and from the testimony of apparently disinterested witnesses, we think these facts appear: That appellant wanted to get an estimate as to what his proposed building would cost; that he went to appellee's office and told him in the presence of appellee's draughtsman the size of the building he wanted to build, how large a stable and how many rooms above, and said that he did not know whether he would build or not, but would like to have appellee tell him within a $1,000 what such a building would cost without going to much trouble; that appellee turned to his draughtsman in appellant's presence and told him to make a sketch in order to get at the cost of the building. The draughtsman made plans or sketches of the building and a calculation of the cost was figured out thereon, and was found to be about $22,000. The time spent in making the sketches and estimates was about one day. The plan or sketch when completed was delivered to appellant but was never examined by him. He was, however, informed of the estimated cost. Now, appellant testifies that appellee was soliciting him to let him make plans for a building for him; that he was undecided as to whether he would build, and that appellee told him he would make an estimate of the cost of a building without charge. Appellee denies that he agreed to make an estimate without charge. It is apparent on the *undisputed* facts, that appellee would be entitled to recover from appellant what the making of the estimate was reasonably worth. Where there is no relationship between the parties and one performs

any service for another, the presumption is that it is to be paid for and the burden will be on the one receiving the service to show that it was agreed to be performed without remuneration. Bishop on Contracts, Sec. 217.

It is thus seen that appellant's claim that a verdict against him for any amount is not supported by the evidence, can not be admitted. A service of some value was rendered to him. His contention is that it was a gratuitous service, and he so testified. But the burden was upon him, and he is contradicted on that point by appellee, and if they are to be regarded as equally credible, appellant must fail. But if the burden was on appellee, on the whole case, we should be bound by the verdict, for it was for the jury who saw the witnesses and heard them testify to settle the question as to the credibility.

But appellant contends that there was no evidence which authorized a verdict for $150, and refers to evidence tending to show the work of making the sketches was not worth more than $25. Appellant is not in a position to question the amount of damage in this court. If he was we might be inclined to agree with him. The point that the damages are excessive must be made in the court below. The motion for new trial filed in this case only challenges the finding of the issue against appellant. Western Union Tel. Co. v. De Golyer, 27 Ill. App. 489, and case there cited.

The points urged by appellant to reverse the judgment can not be sustained, and the same must therefore be affirmed.

*Judgment affirmed.*