## Kenwood Bridge Co. v. Dunderdale.

1. CONTRACTS—*Performance Prevented.*—Where two parties enter into a lawful contract upon sufficient consideration, and one of the parties is ready and willing to perform, and makes preparations to perform on his part, but is prevented from performing by the other party, the party so ready and willing to perform can recover all damages suffered by him by reason of the default of the other party, including necessary expenses incurred in making such preparation.

2. CONTRACTS—*Beyond the Power of Performance.*—When a person makes a contract to do a thing that is possible to be done, he will be liable for a breach of such contract, notwithstanding it was beyond his power to perform it.

3. DAMAGES—*Excessive—When Not Assigned for Error.*—Excessive damages can not be questioned in the Appellate Court when not assigned for error.

Memorandum.—Assumpsit. In the Circuit Court of Cook County; the Hon. CHARLES R. STARR, Judge, presiding. Appeal from justice's court; trial by jury; verdict and judgment for appellant; appeal to this court by defendant. Heard at the March term, 1893, and affirmed. Opinion filed April 19, 1893. Opinion on rehearing filed May 19, 1893.

The opinion states the case.

BARKER & CHURCH, attorneys for appellant.

APPELLEE'S BRIEF, N. M. AND ISADORE PLOTKE, ATTORNEYS.

When full performance is prevented, appellee is entitled to recover for material and labor done. Rawson v. Clark, 70 Ill. 656; Clark v. Busse, 82 Ill. 515; Snell v. Brown, 71 Ill. 134; Western Union Ry. Co. v. Smith, 75 Ill. 496.

OPINION PER CURIAM.

Appellee having contracted with appellant to install in its shop an electric light plant of a certain description, appellee entered upon the performance of his undertaking and placed in said shops a portion of the promised plant. According to the testimony of appellee he fully performed his contract and the plant was used to light up the shops for about a month.

It seems, however, that the dynamo first supplied was larger than the one contracted for and that appellee, designing to remove it and put in its stead such a machine as the contract called for, sent to the shops another dynamo which would have been put in, but that appellant objected to it.

A few days after this, a fire broke out in the shops, and the electric plant therein was substantially destroyed.

Appellants therefore refused to pay for the work done unless that destroyed was first restored by appellee.

It is insisted that the work contracted for was an entirety and that appellee is not entitled to anything until he shall have completed what he undertook.

We regard the contract as providing for the doing of a complete job according to the agreement. There was evidence from which the jury might have found either that the appellee had performed his contract, or that if anything remained to be done it was because appellant had unjustifiably delayed appellee in his work.

No errors in the admission or rejection of evidence are pointed out, and we find none in the instructions given or refused. The judgment of the Circuit Court is therefore affirmed.

ON PETITION FOR REHEARING.

Clark v. Scanlan, 33 Ill. App. 48, was reversed on an erroneous instruction; here no complaint can fairly be made on that score. The one given for the appellee was:

" As a matter of law, where two parties enter into a lawful contract upon sufficient consideration, and one of the parties is ready and willing to perform, and makes preparations to perform on his part, but is prevented from performing by the other party, the party so ready and willing to perform can recover all damages suffered by him by reason of the default of the other party, including necessary expenses incurred in making such preparation."

The one refused for the appellant was:

" That when a person makes a contract to do a thing that is possible to be done, he will be liable for a breach of such contract, notwithstanding it was beyond his power to perform it."

Abstractly both of these are good law.

The fire is, as between these parties, chargeable to the appellant. It was its duty to furnish the place, and keep it in condition, for the electric plant. Nelson v. Pickwick, 30 Ill. App. 333; Schwartz v. Saunders, 46 Ill. 18; Rawson v. Clark, 70 Ill. 656; Cleary v. Sohier, 120 Mass. 210.

The instruction appellant asked was not, and the one given for the appellee was, applicable to the facts. Under the authority of the cases cited the appellee was entitled to recover something; whether the verdict is too much, can not be made a question here, as excessive damages was not assigned in the motion for a new trial as one of the reasons.

We have reiterated the doctrine of Western Union Telegraph Company v. De Golyer, 27 Ill. App. 489, many times. Rehearing denied.