Alex H. Izzo and Edward Augelli, Co-partners Doing Business as A & E General Contractors, a Partnership, Plaintiffs-Appellants, v. City of Loves Park, Illinois, a Municipal Corporation, Defendant-Appellee.

Gen. No. 11,190.

Second District, Second Division.
January 16, 1959.
Released for publication February 3, 1959.

Pedderson, Menzimer & Conde, of Rockford, and Theodore Sharf, of Chicago (Dale F. Conde, Theodore Sharf, of counsel) for plaintiffs-appellants.

Harold H. Pahlas, of Rockford, for appellee.

PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

This action was instituted in the Circuit Court of Winnebago County to recover damages for breach of a written contract entered into between the plaintiffs and defendant for the installation by the plaintiffs

of certain water distribution mains and appurtenances for the defendant and on *quantum meruit*.

The trial court granted defendant's motion to dismiss the second amended complaint as amended, which is hereinafter referred to as the complaint, on the ground that no cause of action was therein stated. Plaintiffs, having elected to stand by their complaint, judgment was entered that plaintiffs take nothing by their suit and that the defendant go hence without day and that defendant recover its cost from plaintiffs. From this judgment plaintiffs appeal.

The complaint consists of four counts. Count I alleges in substance that the plaintiffs entered into a written contract with the defendant on October 14, 1952, whereby the plaintiffs agreed to install for the defendant certain water distribution mains and appurtenances described in said contract; that the installation of said water distribution mains and appurtenances was intended by plaintiffs and defendant to be constructed under the Illinois Statutes authorizing municipalities of less than Five Hundred Thousand population to build a water works system or to improve or extend such a system and pay the cost thereof by the sale of revenue bonds payable solely from the revenue derived from the operation thereof; that the plaintiffs were to be paid the amount specified in the contract solely from the special fund derived from the sale of said revenue bonds, and that said special fund was in fact created; that the plaintiffs have at all times since the date of the contract complied with and performed all conditions precedent and carried out all details and provisions required of them by the contract, and have from the date of the contract until the date of the filing of the complaint herein been ready, willing and able to perform all of the details and conditions of the contract required of them but the defendant has failed, neglected and refused to permit the plaintiffs to perform the contract, and the de-

fendant has refused and neglected to perform preliminary or precedent conditions required of the defendant by the contract; that defendant did on or about July 7, 1953, abandon the entire project and on that date did repudiate and cancel the contract; that as a direct and proximate result of said neglect and refusal of the defendant to perform the contract and the repudiation and cancellation thereof, plaintiffs lost and there is due the plaintiffs from the defendant on *quantum meruit* or reasonable value of machinery, equipment and personnel kept in idleness and prepared for and ready to perform the contract, expenses for trips, communications, administration in negotiating with officials, consulting engineers and other employees and agents of defendant and in the filing of a performance bond, legal assistance and various documents necessary to comply with regulations governing said project all to their damage in the sum of $50,000.

Count II alleges the contract; alleges that prior to the date of the contract a referendum was held to vote on an ordinance providing for the extension of said water works system, and that a majority of those voting at said election voted in favor of said ordinance; realleges the matters alleged in Count I as to performance of the contract on the part of the plaintiffs and non-performance on the part of the defendant; alleges the repudiation and cancellation of the contract by the defendant.

In Count II plaintiffs pray damages for loss of profits from the contract which they otherwise would have realized; damages for expenses incurred in preparing to carry out the contract and for loss of profits from other construction jobs which plaintiffs were deprived from bidding on and contracting for and ask judgment against the defendant in the sum of $200,000.

Count III alleges the contract; alleges that prior to the date of entering into the contract, the defendant passed an appropriation ordinance whereby funds were set aside to pay for said work to be performed

121

by plaintiffs under the terms of the contract and that said appropriation ordinance was in full force and effect on October 14, 1952, date of the contract; realleges the matters alleged in Count I as to the performance of the contract on the part of the plaintiffs and the non-performance on the part of the defendant; alleges the repudiation and cancellation of the contract by the defendant.

In Count III plaintiffs pray damages for loss of profits on the contract which they would have otherwise made and for other damages as prayed in Count II and ask judgment against the defendant in the amount of $200,000.

Count IV alleges the contract and realleges the matters alleged in Count I as to performance of the contract on the part of the plaintiffs and non-performance and repudiation by the defendant; alleges that plaintiffs expended large sums of money in preparation and performance of the contract and in keeping valuable machinery, equipment and personnel in idleness and ready to perform the contract, but it is not alleged that the cost of constructing said project was to be paid out of a special fund nor is it alleged that any special fund was actually created to pay the cost of constructing said project as was alleged in Count I. In Count IV plaintiffs seek to recover on *quantum meruit* the reasonable value of the aforesaid items in the sum of $50,000.

The written contract, which was entered into on the 14th day of October, 1952, between the plaintiffs and defendant and which is attached to the complaint and by reference made a part thereof, provided for the installation of certain water distribution mains and appurtenances for the defendant by plaintiffs and provided that the plaintiffs were to furnish all equipment, labor, tools, supplies, appliances and appurtenances necessary to the full completion of the work according to plans and specifications; and further provided that

following the execution of the contract the engineer was to notify the plaintiffs to start work and work was to be started within ten calendar days of the date of such notice.

It is further provided in the contract that the defendant shall pay and the plaintiffs shall receive certain amounts for the installation of each of the twenty-three items to be installed under the contract, and it is further provided that payments shall be made by orders drawn on the proper fund of the defendant.

Defendant contends that the complaint and each count thereof, fails to state a cause of action for the reason that it is not alleged that an appropriation was made prior to the date of the contract to pay the cost of extending the water works system and for the further reason that the plaintiffs demand *quantum meruit* recovery and fail to allege facts showing that plaintiffs are entitled to *quantum meruit* recovery.

█ A prior appropriation by a municipality is not a prerequisite to a valid contract of employment for the construction of a public works where the cost of construction is to be paid from a special fund and not from the general corporate fund. DeLeuw, Cather & Co. v. City of Joliet, 327 Ill. App. 453, 64 N.E.2d 779; Beling v. City of East Moline, 14 Ill.App.2d 263, 144 N.E.2d 865; Simpson v. City of Highwood, 372 Ill. 212, 23 N.E.2d 62.

Count I of the complaint alleges that it was understood and agreed between the parties that plaintiffs were to be paid for the installation of the water distribution mains and appurtenances described in the contract from a special fund to be created by the sale of revenue bonds and that said special fund was in fact created.

The contract, which is attached to the complaint and by reference made a part thereof, does not specifically state out of what fund payment for the construction of said project is to be made. Since the contract does

not designate that payment for the construction of said project is to be made out of any particular fund but merely states that payments are to be made from time to time by orders drawn upon the proper fund of the city, plaintiffs should be permitted to allege and offer proof to show that it was intended by the parties that plaintiffs were to be paid out of a special fund and not out of the general corporate fund.

Cases cited by the defendant in support of their contention that Count I does not state a cause of action because it is not alleged therein that an appropriation was made prior to the contract are not in point. In all of those cases, the contract provided that the obligation was to be discharged by payment from the general fund.

■ If the cost of installing the water distribution mains and appurtenances was to be paid out of a special fund created for that purpose as alleged in Count I and not out of the general corporate fund, then a prior appropriation to pay the cost thereof was not necessary to the validity of the contract. It follows that Count I is not defective in failing to state a cause of action because a prior appropriation to pay for the cost of constructing said project is not therein alleged.

■ We do not think that the defendant's contention that Count I fails to allege facts showing plaintiffs are entitled to recover on *quantum meruit* is tenable. It is the general rule that where one party abandons an express contract or makes it impossible for the other party to further perform, such other party may treat the contract as rescinded and sue on *quantum meruit*. DeLeuw, Cather & Co. v. City of Joliet, supra.

■ It has also been held that where two parties enter into a lawful contract and one of the parties is ready and willing to perform and makes preparation to perform on his part but is prevented from performing by the other party, the party so ready and willing to perform can recover all damages suffered by him

by reason of the default of the other party, including necessary expenses incurred in making such preparation. Kenwood Bridge Co. v. Dunderdale, 50 Ill.App. 581.

We are of the opinion that the allegations in Count I on which recovery is sought on *quantum meruit* are sufficient to state a good cause of action. The motion to dismiss Count I of the complaint should have been denied.

In Counts II and III of the complaint, the plaintiffs seek to recover damages for loss of profits from the contract which they otherwise would have realized had the defendant not repudiated the contract and abandoned the project; damages for expenses incurred in preparing to carry out the contract and for loss of profits from other construction jobs which plaintiffs were deprived from bidding on and contracting for.

"It is well settled that where one party repudiates the contract and refuses longer to be bound by it, the injured party has an election to pursue either of three remedies: He may treat the contract as rescinded, and recover upon *quantum meruit* so far as he has performed; or he may keep the contract alive for the benefit of both parties, being at all times himself ready and able to perform, and at the end of the time specified in the contract for performance, sue and recover, under the contract; or he may treat the repudiation as putting an end to the contract for all purposes of performance, and sue for the profits he would have realized if he had not been prevented from performing." L. S. & M. S. Ry. Co. v. Richards, 152 Ill. 59–80; Banik v. Bishop-Stoddard Cafeteria Co., 288 Ill. App. 174, 5 N.E.2d 868.

To permit the plaintiffs to recover damages for their preliminary expenses and outlay in preparing and holding themselves ready to perform the contract and at the same time permit them to recover profits

125

which they would have realized if defendant had not repudiated the contract and permitted plaintiffs to perform same would involve a double recovery.

We are of the opinion that Counts II and III of the complaint are defective because the plaintiffs seek to recover damages in the same count on *quantum meruit* for necessary expenses and outlay expended in preparing to carry out said contract and damages for prospective profits. We believe the counts to be further defective because the plaintiffs in said counts seek additional damages for prospective profits which they claim to have lost because they were deprived from bidding on and contracting for other construction jobs. Such damages would be purely speculative and not capable of proof. We conclude that the plaintiffs should have elected in Counts II and III to pursue either their remedy on *quantum meruit* or for loss of prospective profits. The trial court was correct in its ruling sustaining the motion to dismiss Counts II and III of the complaint.

We are of the opinion that the trial court was correct in its ruling dismissing Count IV of the complaint, because nowhere in this count do the plaintiffs allege that they were to be paid out of a special fund and that said special fund was in fact created as was alleged in Count I. If the contract price was not to be paid out of a special fund created for that purpose but out of the general corporate fund, then it was incumbent on plaintiffs to allege and prove that an appropriation had been made prior to the date of the contract to defray the cost of constructing said project and not having so alleged, the count fails to state a cause of action. Chapter 24, Sec. 15—3 Ill. Rev. Stat., Cities and Villages Act provides as follows:

"No contract shall be made by the corporate authorities, or by any committee or member thereof, and no expense shall be incurred by any of the officers or departments of any municipality, whether the object

of the expenditure has been ordered by the corporate authorities or not, unless an appropriation has been previously made concerning that contract or expense. Any contract made, or any expense otherwise incurred, in violation of the provisions of this section shall be null and void as to the municipality, and no money belonging thereto shall be paid on account thereof. . . ."

██ ██ In DeKam v. City of Streator, 316 Ill. 123, 146 N. E. 550, 553, the court in holding void a contract between a city and an engineer, because no prior appropriation had been made concerning the same, said:

"A contract expressly prohibited by a valid statute is void. This proposition has no exception, for the law cannot at the same time prohibit a contract and enforce it. The prohibition of the Legislature cannot be disregarded by the courts."

A city cannot be estopped to dispute the validity of a contract which it had no power to make on the ground that work had been done under the contract and the city had received the benefit of such work. Arnold v. Village of Ina, 244 Ill. App. 239. DeKam v. City of Streator, supra.

The judgment order entered by the trial court herein dismissing the second amended complaint as amended, and each count thereof, and entering judgment for the defendant is affirmed as to Counts II, III and IV and reversed as to Count I.

Affirmed in part and reversed in part and remanded for further proceedings.

CROW and SOLFISBURG, JJ., concur.