National Steel and Copper Plate Co., Plaintiff-Appellee, v. Angel Research, Inc., a Corporation, and United States Etching and Chemical Corporation, a Corporation, Defendants-Appellants.

Gen. No. 48,749.

First District, First Division.

February 18, 1963.

419

Gerald M. Petacque, of Chicago, for Angel Research Inc., co-appellant, and Martin Faier, of Chicago, for United States Etching and Chemical Corporation, co-appellant.

Crowley, Sprecher, Barrett & Karaba, of Chicago (Harry E. Kopald and Robert A. Sprecher, of counsel), for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

Plaintiff, National Steel and Copper Plate Co., seeks equitable relief on two written agreements with defendant, Angel Research, Inc., which grant to plaintiff an "exclusive right and franchise" to purchase and sell "all products" made by Angel. Although the agreements, dated October 15 and 22, 1959, are not identical in terms they deal with the same subject matter. Defendants appeal from a decree awarding injunctive relief and damages of $12,588.96 to plaintiff.

Plaintiff's verified complaint, in three counts, alleges in substance: (1) a breach of the agreement by Angel, through sale of its products to defendant, U. S. Etching and Chemical Corporation [U. S.]; (2) a conspiracy by the defendants, Angel and U. S., to defraud plaintiff of its rights under the agreement; and (3) Angel's refusal to comply with a product warranty included in the agreements. Both defendants pleaded affirmative defenses, and defendant Angel counterclaimed against plaintiff.

The trial court referred to a master in chancery, for his conclusions of law and fact, plaintiff's motions for temporary and permanent injunction, and a motion of defendant U. S. to be dismissed as a defendant.

In the hearings before the master, the only evidence presented was that of plaintiff. Thereafter, the court approved the master's preliminary report, which recommended: (1) the denial of the temporary injunction; (2) the denial of the motion of defendant U. S. that it be dismissed from the case; and (3) that the cause be re-referred for a full and complete hearing on the issues.

At the re-reference before the master, plaintiff adopted in full the evidence submitted by him in the earlier hearing, introduced no further evidence on his

behalf, and closed his proofs. Defendants then asked the master to continue the hearing, as they were not ready or able to proceed at that time. Counsel for U. S. informed the master that he had spoken with the principals at Angel Research and United States Etching and "I was advised that they closed both business[es] . . . that they are no longer operating. That it appears that the only asset . . . either company has left is a cause of action [in an unrelated case]. . . . that the defendants have no funds with which to proceed with [the instant litigation] . . . ." The master denied the motions to continue and closed the proofs.

The master's report found that plaintiff had proved the material allegations of its complaint, and recommended that the counterclaim be denied and that a decree be issued in favor of plaintiff. After overruling defendants' objections to the master's report, the court entered a decree which provided for: (1) the issuance of a permanent injunction restraining defendant Angel from selling any of its products to U. S., "or anyone else except to the plaintiff as provided in said contracts"; (2) the issuance of a permanent injunction restraining defendants Angel and U. S. "from conspiring together or doing any act or acts as alleged in said complaint to defraud the plaintiff"; and (3) a judgment against defendant Angel, in favor of plaintiff, for the sum of $12,588.96. This is the decree from which both defendants appeal.

■ Defendants make two principal contentions: (1) that plaintiff never proved the essential allegations of its complaint; and (2) that the relief granted is inconsistent and improper. We agreed with defendants that "in order to grant the relief prayed for in a bill the court must be able to find that the facts alleged therein are true." Leahy v. Nolan, 261 Ill 219, 221, 103 NE2d 546 (1913).

█ Defendants first contend that there was no proof in the record that Angel sold any of its products to U. S. This contention is based on the meaning defendants assign to the word "product." They argue that the "chemicals and basic raw materials" admittedly sold to U. S. by Angel are not "products" in the sense of the word as used in the agreements between plaintiff and Angel. Defendants would limit the meaning of the word to goods fabricated by Angel and unavailable in the same form in the open market. This distinction is contradicted by the explicit words of the agreement of October 22, which gave plaintiff the exclusive right to purchase all "products now or hereafter produced and handled" by Angel. Another part of the agreement referred to "all products manufactured and dealt in by Angel." We find no merit in this contention.

[3–5] Defendants next contend that plaintiff failed to prove, by clear and convincing evidence, any actionable conspiracy between U. S. and Angel. We agree that "a conspiracy at common law may be defined, in short, as an agreement or combination formed between two or more persons to do an unlawful act or to do a lawful act by unlawful means," (Franklin Union No. 4 v. People, 220 Ill 355, 376, 77 NE 176 (1906)), and that the burden is upon plaintiff to prove the conspiracy by "clear and convincing evidence." "While conspiracy may be proved by indirect or circumstantial evidence such evidence must be clear and convincing, and if the facts and circumstances relied upon are as consistent with innocence as with guilt it is the duty of the court to find that the conspiracy has not been proved." Tribune Co. v. Thompson, 342 Ill 503, 529, 174 NE 561 (1930).

Defendants' argument that the admitted sales by Angel to U. S. of "basic raw materials" are not its "products," and not improper under the agreements

423

between Angel and plaintiff, is merely a restatement of their unmeritorious contention that "chemicals and raw materials" are not "products" within the intent of the agreement.

Plaintiff's evidence as to the interrelationships existing between U. S. and Angel was uncontroverted. It was stipulated that the same person was president of both Angel and U. S.; that the same person was the vice president and secretary-treasurer of both Angel and U. S.; that these two persons were directors of both Angel and U. S.; and that the president and secretary-treasurer were the sole owners of Angel and two-thirds owners of U. S. Also, the master found that the two defendant corporations are "producing practically the same products for the same purposes, and using the same space . . . ." We believe this evidence satisfies the requirement that the conspiracy be proved by "clear and convincing evidence."

■ Finally, defendant Angel contends that there is no evidence in the record to justify the judgment against it for $12,588.96. The master found that this sum had been "received [by Angel] from the plaintiff," and the court, after confirming and approving the master's report, found that "Angel Research, Inc. is indebted to the plaintiff . . . in the sum of $12,588.96 and that the said plaintiff is entitled to judgment in said sum." From this, and in the absence of anything to the contrary in the record, it is apparent that this sum was not awarded for loss of profits or any similar category of contract damages.

The pleadings admitted that plaintiff advanced an initial sum of $10,000 to Angel upon the execution of the agreements. Plaintiff traces the additional $2,588.96 to further sums advanced to Angel, and contends that this amount was arrived at by the master through reference to a number of plaintiff's exhibits. Defendants did not include in the record twelve of

424

plaintiff's exhibits, which plaintiff contends would substantiate the "additional $2,588.96" that Angel "received from plaintiff." "In the absence of a complete record the findings of the chancellor incorporated in the decree will be supported by every reasonable presumption and intendment, and it will be presumed, in support of the decree, that the portions of the record omitted, if incorporated in the transcript filed here, would sustain the findings found in the decree." Patterson v. Johnson, 214 Ill 481, 494, 73 NE 761 (1905); Culver v. Schroth, 153 Ill 437, 39 NE 115 (1894); People v. Chicago, B. & Q. R. Co., 386 Ill 200, 53 NE2d 963 (1944).

■ Defendants also contend that the court has improperly granted plaintiff inconsistent remedies. This argument is based on the rule that when one party repudiates a contract and refuses any longer to be bound by it, the injured party must elect his remedies. See Izzo v. City of Loves Park, 20 Ill App2d 117, 155 NE2d 312 (1959). Since the judgment for $12,588.96 was awarded for a sum "received from the plaintiff" and not awarded upon a quantum meruit or loss of profit measure of damages, we conclude that the rule is inapplicable on the facts here.

■ Defendant Angel's final contention is that plaintiff's refusal to pay Angel for an etching machine (claimed defective by plaintiff) was a material breach by plaintiff, which forgave any subsequent breach by Angel. We find no merit in this contention, since the October 22 agreement provided that "all invoices hereafter to National shall be charged against [the sum advanced by plaintiff to Angel at the time of the agreement.]" A similar provision appeared in the October 15 agreement. There is no denial that monies advanced by plaintiff and held by Angel at the time of the sale of the machine were sufficient to cover the price of the machine.

425

We believe that the evidence in this record supports the essential allegations of plaintiff's complaint and forms a basis for the relief granted plaintiff by the decree, which is not inconsistent or improper.

For the reasons given, the decree is affirmed.

Affirmed.

BURMAN, P. J. and ENGLISH, J., concur.